UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROY A.,<br><br>          Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | NO:  4:21-CV-5079-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 16, 17).  The motions were submitted for consideration without oral argument.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**, and Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED**.

### JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation

omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

1    If the claimant is not engaged in substantial gainful activities, the analysis

2 proceeds to step two.  At this step, the Commissioner considers the severity of the

3 claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

4 claimant suffers from "any impairment or combination of impairments which

5 significantly limits [his or her] physical or mental ability to do basic work

6 activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

7 416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

8 however, the Commissioner must find that the claimant is not disabled.  *Id.*

9    At step three, the Commissioner compares the claimant's impairment to

10 several impairments recognized by the Commissioner to be so severe as to

11 preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

12 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

13 severe than one of the enumerated impairments, the Commissioner must find the

14 claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

15    If the severity of the claimant's impairment does meet or exceed the severity

16 of the enumerated impairments, the Commissioner must pause to assess the

17 claimant's "residual functional capacity."  Residual functional capacity, defined

18 generally as the claimant's ability to perform physical and mental work activities

19 on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1),

20 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff initially applied for a period of disability and Title II disability insurance benefits on August 26, 2015, alleging disability beginning July 15, 2014. Tr. 17. The claim was denied initially on November 12, 2015, and upon reconsideration on February 16, 2016. *Id.* Following a video hearing before an administrative law judge ("ALJ") on December 11, 2017, the ALJ denied Plaintiff's claim on March 9, 2018. *Id.*; Tr. 24. Plaintiff appealed the decision to this Court. On August 18, 2020, the Court reversed and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Tr. 625–69. A second telephonic hearing before the same ALJ was held on February 17, 2021. Tr. 525. The second hearing consolidated Plaintiff's claim for Title XVI benefits filed on November 22, 2016. *Id.* On March 16, 2021, the ALJ denied Plaintiff's claim. Tr. 537.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 15, 2014, the alleged onset date. Tr. 528. At step two, the ALJ found Plaintiff had the following severe impairments: alcohol use disorder, anxiety disorder, depressive disorder, and ADHD. *Id.* At step three, the ALJ found that by including Plaintiff's substance use disorder, the severity of his

impairments met the criteria of sections 12.04 (depressive, bipolar and related disorders), 12. 06 (anxiety and obsessive-compulsive disorders), and 12.11 (neurodevelopmental disorders) of 20 C.F.R. 404, Subpart, P, Appendix 1.  Tr. 529.  However, the ALJ also found Plaintiffs' impairments would improve and impose only mild to moderate limitations if Plaintiff stopped using substances, and therefore, would not meet or medically equal a listed impairment.  *Id.*

Next, the ALJ found if Plaintiff stopped his substance use, he would have the residual capacity to perform a full range of work at all exertional levels with the following nonexertional limitations:

> [Plaintiff] would be limited to simple, routine tasks and well-learned detailed tasks consistent with a reasoning level of 3 or less; he could not multi-task; he could not perform at an assembly-line pace or do other fast-paced work; he could have no public contact, and only occasional, superficial contact with supervisors and coworkers; and he would require a routine, predictable work environment with no more than occasional changes.

Tr. 531–32.

At step four, the ALJ found it appropriate to expedite Plaintiff's claim to step five.[1]  At step five, the ALJ found that, considering Plaintiff's age, education,

---

[1]     An ALJ is permitted to expedite the sequential process and proceed to step five if the claimant is not disabled at the third step and there is insufficient

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 7

work experience, and RFC, there were other jobs that exist in significant numbers

in the national economy that Plaintiff could perform if Plaintiff stopped substance

use.  Tr. 536.  Those jobs included (1) small parts assembler, (2) cleaner II, and (3)

marker.  *Id.*  The ALJ found Plaintiff's substance use disorder is a contributing

factor material to the determination of disability because Plaintiff would not be

disabled if he stopped substance use.  Tr. 537.  Consequently, the ALJ concluded

Plaintiff has not been disabled within the meaning of the Social Security Act, from

July 15, 2014, through March 16, 2021, the date of the ALJ's decision.  *Id.*

## ISSUES

Plaintiff seeks judicial review of the ALJ's final decision denying his

disability insurance benefits under Title II and Title XVI of the Social Security

Act.  Plaintiff raises the following issues:

1. Whether the ALJ failed to develop the record by declining to order a

   consultative psychological examination and canceling the testimony of the

   prepared psychological expert;

2. Whether the ALJ erred by rejecting certain medical opinion testimony;

---

evidence regarding the claimant's past relevant work to make a finding at step

four.  20 C.F.R. §§ 404.1520(h), 416.920(h).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 8

3.  Whether the ALJ erred at step three by failing to find Plaintiff's impairments meet or medically equal a Listing;

4.  Whether the ALJ erred by rejecting Plaintiff's subjective symptom testimony; and

5.  Whether the ALJ conducted a proper analysis at step five.

ECF No. 19 at 2.

**DISCUSSION**

**A.  Duty to Develop the Record**

Plaintiff asserts the ALJ failed to meet his duty to develop the record. ECF No. 16 at 9. Specifically, Plaintiff argues the ALJ should have ordered a consultative psychological examination and that the ALJ should not have cancelled the testimony of a prepared medical expert. *Id.*

While a claimant ultimately bears the burden of establishing his disability, the ALJ has an affirmative duty to supplement the medical record to the extent it is incomplete. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. *Id*. (quotation and citation omitted). The ALJ's duty to develop the record is triggered by ambiguous evidence or the ALJ's own finding that the record is "inadequate to allow for proper evaluation of the evidence." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ may

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 9

1    supplement an inadequate medical record by ordering a consultative examination.

2    *Reed v. Massanari*, 270 F.3d 838, 843 (9th Cir. 2001).

3            Here, the ALJ did not make a finding that the record was inadequate or

4    incomplete or that the evidence in the record was ambiguous, nor does Plaintiff

5    cite to any ambiguity or inadequacy in the record.  To the contrary, the ALJ found

6    the evidence in the record demonstrated a clear difference between Plaintiff's

7    limitations during sobriety as compared to the periods of substance use.  Tr. 530,

8    532.  Moreover, because Plaintiff had been sober for an extended period of time

9    during the ALJ's second evaluation, the ALJ was able to obtain a more clear

10   picture of the effects of Plaintiff's sobriety.  Tr. 532–33.  For example, Plaintiff

11   consistently reported doing much better while sober (*e.g.*, reduced anxiety and

12   depression, felt more stable, able to run errands with his daughter) and his

13   psychiatrist regularly reported Plaintiff's depressive symptoms were not enough to

14   raise concerns of major depressive disorder.  Tr. 533 (citations to the record

15   omitted).

16           Plaintiff implies the ALJ was required by the Court to order a consultative

17   examination upon remand.  ECF No. 16 at 9.  However, the Court's Order merely

18   indicated the ALJ should have consulted a consultative psychologist "if an

19   evaluation of a longer period of sobriety was necessary or would have been

20   useful."  Tr. 653.  At the time of the second hearing, more time had elapsed,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 10

1    enabling the ALJ to review a longer period of sobriety.  Consequently, it was

2    unnecessary for the ALJ to rely on a consultative psychologist.

3         Because the ALJ did not find the record was incomplete or ambiguous, the

4    duty to further develop the record was not triggered.  The Court finds the ALJ's

5    evaluation of Plaintiff's alleged limitations was properly supported by substantial

6    evidence.

7    **B.  Medical Opinion Evidence**

8         Plaintiff argues the ALJ improperly rejected the medical opinions of Dr.

9    Marks, Dr. Petaja, Deborah Rogers, and Adriana Lozano.  ECF No. 16 at 10–17.

10   Under the applicable regulations, there are three types of physicians: "(1) those

11   who treat the claimant (treating physicians); (2) those who examine but do not treat

12   the claimant (examining physicians); and (3) those who neither examine nor treat

13   the claimant [but who review the claimant's file] (nonexamining [or reviewing]

14   physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001)

15   (citations omitted).  Generally, the opinion of a treating physician carries more

16   weight than the opinion of an examining physician, and the opinion of an

17   examining physician carries more weight than the opinion of a reviewing

18   physician.  *Id*.  In addition, the Commissioner's regulations give more weight to

19   opinions that are explained than to opinions that are not, and to the opinions of

20   specialists on matters relating to their area of expertise over the opinions of non-

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 11

specialists.  *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."  *Bray v. Comm'r of Soc. Sec*, 554 F.3d 1229, 1228 (9th Cir. 2000) (internal quotations and brackets omitted).  An ALJ may only reject the opinion of a treating or examining doctor by providing specific and legitimate reasons that are supported by a substantial weight of the evidence, even if that opinion is contradicted by another doctor.  *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995).  The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

     1.  *Dr. Marks, Ph.D., Dr. Petaja, Ph.D.*

Dr. Marks conducted a psychodiagnostics evaluation of Plaintiff in October 2015,[2] finding Plaintiff's combined impairments would have a severe impact on his

---

[2]    Plaintiff claims the evaluation was on November 4, 2015, but the records show it was completed on October 27, 2015.  Tr. 310.

1   ability to perform work.  Tr. 534.  The ALJ gave Dr. Marks' opinion great weight

2   as an opinion of Plaintiff's functioning while using substances but little weight as

3   an opinion regarding Plaintiff's functioning while not using.  *Id*.  The ALJ noted

4   Dr. Marks did not provide an opinion of Plaintiff's functioning during sobriety

5   because Plaintiff was actively abusing alcohol during Dr. Marks' evaluation and

6   there were no other records for her to review that documented Plaintiff's ability to

7   function absent alcohol abuse.  *Id*.

8         Dr. Marks conducted another evaluation of Plaintiff in April 2016, opining

9   Plaintiff was markedly limited in carrying out detailed instructions, maintaining

10  attendance, learning new tasks, communicating and performing effectively, and

11  setting realistic goals.  *Id*.  The ALJ gave this opinion some weight as an opinion

12  regarding Plaintiff's function with alcohol abuse.  *Id*.  The ALJ noted Plaintiff was

13  three months sober at the time of the April 2016 evaluation, however, subsequent

14  records demonstrated improved functioning as Plaintiff's sobriety progressed.  *Id*.

15  The ALJ gave little weight to Dr. Marks' April 2016 evaluation as an opinion of

16  Plaintiff's functional ability without alcohol abuse, finding other evidence in the

17  record did not support the degree of limitation Dr. Marks assigned.  *Id*.

18  Specifically, the ALJ noted that as Plaintiff's sobriety continued, his functioning

19  did very well with minimal symptoms.  *Id*. (citation to the record omitted).

20        Also in April 2016, Dr. Petaja reviewed Dr. Marks' assessment and found

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 13

Dr. Marks' assessment supported by objective medical evidence.  Tr. 381.  The ALJ gave some weight to Dr. Petaja's opinion  of Plaintiff's functioning with alcohol abuse but little weight regarding Plaintiff's functioning absent alcohol abuse.  Tr. 534.  Because Dr. Petaja's opinion was based on Dr. Marks' evaluation, the ALJ discredited the opinion for the same reason's he discredited Dr. Marks' opinion, namely because subsequent records demonstrated Plaintiff's functionality improved significantly with continued sobriety.  *Id.* (citations to the record omitted).

Relevant factors to evaluating any medical opinion include the amount of relevant evidence that supports the opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record as a whole.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  Because the ALJ found Dr. Marks' and Dr. Petaja's opinions inconsistent with subsequent evaluations of Plaintiff's functioning during extended periods of sobriety, the Court finds no error.  The ALJ's clear and convincing findings are supported by substantial evidence.

   2.  *Deborah Rogers, ARNP*

Ms. Rogers completed a physical functional evaluation of Plaintiff in March 2015 and a medical report in October 2017.  Tr. 535.  In both reports, she opined that Plaintiff would be limited to only sedentary work and attributed his limitations

primarily to Plaintiff's alcohol or drug use.  *Id*.  Despite assigning primarily

physical limitations, Ms. Rogers supported her opinion with reference almost

exclusively to Plaintiff's mental impairments.  *Id*.  For example, Ms. Rogers

assessed Plaintiff's limitations due to Hepatitis C as moderate but assessed his

mental impairments as marked or severe.  *Id*. (citation to the record omitted).

Consequently, the ALJ gave Ms. Rogers' opinions little weight.  The ALJ also

noted Plaintiff did not allege significant physical difficulties at the hearing or in his

functioning report, and his ability to engage in daily activities was inconsistent

with Ms. Rogers' evaluations.  *Id*.  Finally, to the extent Ms. Rogers relied on

Plaintiff's mental impairments, the ALJ found the opinion inconsistent with

subsequent records reflecting Plaintiff's functional abilities without alcohol use.

*Id*.

A nurse practitioner, such as Ms. Rogers, is considered an "other source"

under the applicable regulations, and thus is not entitled to the same deference as

other medically acceptable sources.  *Molina*, 674 F.3d at 1111 (citation omitted);

*see also* SSR 06-03p, 2006 WL 2329939.  An ALJ may discount testimony from

"other sources" by providing "reasons germane to each witness."  *Molina*, 674

F.3d at 1111.  Here, the ALJ provided specific reasons for discounting Ms. Rogers'

opinion.  The Court finds the ALJ's findings were supported by substantial

evidence in the record.

### 3.  Adriana Lozano

In October 2017, Ms. Lozano completed a Division of Vocational Rehabilitation assessment and concluded Plaintiff was not ready for competitive employment.  Tr. 535.  The ALJ gave the assessment little weight for the same reason Dr. Marks' assessment was given little weight.  *Id*.  Specifically, the ALJ noted Plaintiff had only been sober for about three months at the time of the evaluation, and therefore, it was not indicative of his functional ability after a longer period of sobriety.  *Id*.

Like Ms. Rogers, Ms. Lozano is an "other source" under the applicable regulations.  SSR 06-03p, 2006 WL 2329939.  The ALJ provided germane reasons for rejecting Ms. Lozano's opinion; therefore, the ALJ did not err in giving the opinion little weight and finding the opinion was inconsistent with the record as a whole.

## C.  Listings

Plaintiff argues the ALJ erred at step three by finding Plaintiff did not meet the Listing criteria when Plaintiff was sober.  ECF No. 16 at 18.  At step three, the ALJ first determines whether a claimant's impairment meets or equals an impairment in the Listing of Impairments (the "Listings").  *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The Listings describe specific impairments that are recognized as severe enough to prevent a person from engaging in

substantially gainful activities.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.  Each impairment is described using characteristics established through "symptoms, signs and laboratory findings." *Tackett*, 180 F.3d at 1099.

To meet an impairment, a claimant must establish she meets each of the characteristics of the listed impairment.  *Id*.  To equal an impairment, a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of the listed impairment, or, if a claimant's impairment is not listed, to the impairment "most like" the claimant's own.  *Id*.  If a claimant meets or equals one of the listed impairments, the claimant will be considered disabled without further inquiry.  *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

Here, Plaintiff does not cite to any evidence in the record to demonstrate he meets or equals a Listing; instead, Plaintiff simply argues the ALJ's findings were not supported by substantial evidence.  ECF No. 16 at 18.  The Court disagrees. The ALJ found that Plaintiff met the "paragraph A" criteria for Listings 12.04, 12.06, and 12.11 because he had a history of depressive disorder, anxiety disorder, and ADHD, and medically documented symptoms, such as depressed mood, diminished interest in most activities, sleep disturbances, decreased energy, feelings of guilt or worthlessness, and difficulty concentrating.  Tr. 530; 20 C.F.R. Pt. 404, Subpt. P, App. 1.

1    To satisfy the criteria of paragraph B, a claimant's mental impairments must

2    result in at least one extreme, or two marked, limitations in understanding,

3    remembering, or applying information; interacting with others; concentrating,

4    persisting, or maintaining pace; or adapting or managing oneself.  20 C.F.R. Pt.

5    404, Subpt. P, App. 1.  The ALJ addressed each of the categories and found

6    Plaintiff met the requisite limitations when he was abusing alcohol, but when

7    Plaintiff stopped using alcohol, his limitations were only mild to moderate.  Tr.

8    530–31.  In arriving at this conclusion, the ALJ compared Plaintiff's records

9    during his periods of alcohol abuse to those during which Plaintiff was sober for an

10    extended period of time.  *Id.* (citation to the record omitted).  The ALJ also

11    assessed the criteria for paragraph C, which may be used to satisfy Listings 12.04

12    and 12.06.  *Id.*; 20 C.F.R. Pt. 404, Subpt. P, App. 1.  The ALJ concluded the

13    evidence did not support the criteria for paragraph C if Plaintiff stopped using

14    alcohol.  Tr. 531.

15    The Court finds the ALJ cited to substantial evidence in the record to

16    support his finding that Plaintiff did not satisfy the Listing criteria when Plaintiff

17    attained prolonged periods of sobriety.  Where the ALJ's interpretation of the

18    record is reasonable as it is here, it should not be second-guessed.  *Rollins v.*

19    *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 18

1   **D.   Subjective Symptom Testimony**

2        Plaintiff argues the ALJ failed to provide clear and convincing reasons for

3   rejecting Plaintiff's subjective symptom testimony.  ECF No. 16 at 19.  An ALJ

4   engages in a two-step analysis to determine whether a claimant's subjective

5   symptom testimony can be reasonably accepted as consistent with the objective

6   medical and other evidence in the claimant's record.  SSR 16-3p, 2016 WL

7   1119029, at *2.  "First, the ALJ must determine whether there is 'objective

8   medical evidence of an underlying impairment which could reasonably be

9   expected to produce the pain or other symptoms alleged.'"  *Molina*, 674 F.3d at

10  1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The

11  claimant is not required to show that her impairment 'could reasonably be expected

12  to cause the severity of the symptom she has alleged; she need only show that it

13  could reasonably have caused some degree of the symptom.'"  *Vasquez*, 572 F.3d

14  at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)).

15       Second, "[i]f the claimant meets the first test and there is no evidence of

16  malingering, the ALJ can only reject the claimant's testimony about the severity of

17  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

18  rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

19  omitted).  General findings are insufficient; rather, the ALJ must identify what

20  symptom claims are being discounted and what evidence undermines these claims.

1    *Id.* (citation omitted); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002)

2    (requiring the ALJ to sufficiently explain why he or she discounted claimant's

3    symptom claims).  "The clear and convincing [evidence] standard is the most

4    demanding required in Social Security cases."  *Garrison v. Colvin*, 759 F.3d 995,

5    1015 (9th Cir. 2014) (citation omitted).

6        The ALJ is instructed to "consider all of the evidence in an individual's

7    record," "to determine how symptoms limit ability to perform work-related

8    activities."  SSR 16-3p, 2016 WL 1119029, at *2.  When evaluating the intensity,

9    persistence, and limiting effects of a claimant's symptoms, the following factors

10   should be considered: (1) daily activities; (2) the location, duration, frequency, and

11   intensity of pain or other symptoms; (3) factors that precipitate and aggravate the

12   symptoms; (4) the type, dosage, effectiveness, and side effects of any medication

13   an individual takes or has taken to alleviate pain or other symptoms; (5) treatment,

14   other than medication, an individual receives or has received for relief of pain or

15   other symptoms; (6) any measures other than treatment an individual uses or has

16   used to relieve pain or other symptoms; and (7) any other factors concerning an

17   individual's functional limitations and restrictions due to pain or other symptoms.

18   SSR 16-3p, 2016 WL 1119029, at *7–8; 20 C.F.R. §§ 404.1529(c)(3),

19   416.929(c)(3).

20       Here, the ALJ found Plaintiff's impairments could reasonably be expected to

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 20

1   cause the alleged symptoms; however, Plaintiff's statements concerning the

2   intensity, persistence, and limiting effects of those symptoms were not entirely

3   consistent with the evidence.  Tr. 532.  In arriving at this conclusion, the ALJ

4   considered several of the factors described above.

5       With regard to daily activities, the ALJ noted Plaintiff testified at the remand

6   hearing that he still had difficulties leaving his house, but, after being sober since

7   2017 (with a brief relapse in 2019), he was able to go shopping, trade coins, go

8   swimming, and attend appointments.  Tr. 533.  Plaintiff's reports to care providers

9   during the extended period of sobriety showed he could leave the house on a

10  regular basis and was highly functional in his daily activities.  *Id.* (citation to the

11  record omitted).

12      In terms of the persistence and intensity of Plaintiff's symptoms, the ALJ

13  found Plaintiff's symptoms significantly improved when he abstained from using

14  alcohol.  Tr. 533 (citations to the record omitted).  Relatedly, the ALJ observed

15  alcohol was an aggravating factor to Plaintiff's symptoms.  *Id.*  When Plaintiff was

16  sober, mental status exam findings were largely unremarkable and showed

17  improvement when compared to times when Plaintiff was drinking.  *Id.*  The ALJ

18  also noted medication effectively treated Plaintiff's depression and anxiety

19  symptoms, particularly when Plaintiff was sober.  *Id.*  "Impairments that can be

20  controlled effectively with medication are not disabling."  *Warre v. Comm'r*, 439

F.3d 1001, 1006 (9th Cir. 2006) (citations omitted).  Plaintiff regularly reported reduced and stable symptoms to care providers and stated he would experience anxiety symptoms only when he would go to the store.  *Id.*

The Court finds the ALJ cited to substantial evidence to support his conclusion that Plaintiff's symptom testimony was inconsistent with the evidence in the record.  It is the ALJ's duty to resolve conflicts in the record, and where the ALJ arrives at a rational conclusion that is supported by the record, the ALJ's decision must stand.  *Andrews*, 53 F.3d at 1039; *Rollins*, 261 F.3d at 857.

### E.  Step Five Analysis

Plaintiff argues the ALJ's analysis at step five was inadequate because the ALJ failed to consider a more complete hypothetical.  ECF No. 16 at 20–21.  If a claimant cannot perform his or her past relevant work, at step five the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(d)–(e); 416.920(d)-(e).  To do so, the ALJ may employ the testimony of a vocational expert.  *Tackett,* 180 F.3d at 1100–01; *Osenbrock v. Apfel,* 240 F.3d 1157, 1162 (9th Cir. 2000).  The ALJ's findings will be upheld if the weight of medical evidence in the record supports the hypothetical posed by the ALJ. *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984).  The vocational expert's testimony will qualify as

substantial evidence if it is reliable. *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir. 1988).

Here, the ALJ asked the vocational expert to consider a hypothetical claimant with Plaintiff's age, education, and work experience, who is capable of performing a full range of work at all exertional levels with the following non-exertional limitations:

> [T]he individual is limited to simple, routine tasks and well-learned detailed tasks consistent with a reasoning level of 3 or less; the individual cannot multi-task; cannot perform on an assembly line pace or do other fast-paced work; can have no contact with the public and only occasional superficial contact with supervisors and coworkers; and needs a routine, predictable work environment with no more than occasional charges.

Tr. 563. The vocational expert testified that the hypothetical individual would be able to perform the following representative occupations: small parts assembler with 319,280 jobs available in the national economy; cleaner with 55,900 jobs available in the national economy; and marker with 130,200 jobs available in the national economy. *Id.*

The ALJ also asked the vocational expert to consider the above-described hypothetical claimant with the following additional limitations: medium level work with occasional climbing of ladders, ropes and scaffolds; and no concentrated exposure to hazards such as unprotected heights and moving mechanical parts. Tr. 537, 564. The vocational expert testified that such a claimant would still be able to

1    perform the identified jobs.  Tr. 537.

2         Plaintiff argues the hypothetical was incomplete.  ECF No. 16 at 20–21.

3    Had the vocational expert considered a hypothetical claimant who would be absent

4    more than six to eight days per year, off task more than 10% of the time, and

5    needed close supervision/instruction past the probationary period, Plaintiff would

6    have been precluded from competitive work.  *Id*.  Plaintiff does not cite to any

7    evidence in the record to support the inclusion of these additional limitations.

8         Having concluded the ALJ's findings with regard to Plaintiff's alleged

9    impairments were all supported by substantial evidence, the Court concludes the

10   ALJ carried his burden to prove Plaintiff retains the residual functional capacity to

11   perform certain jobs in the national economy.  Plaintiff's own interpretation of the

12   record cannot overcome the ALJ's properly supported conclusions.  "Where

13   evidence is susceptible to more than one rational interpretation, it is the ALJ's

14   conclusion that must be upheld."  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.

15   2005) (citation omitted).  The ALJ's findings are supported by substantial

16   evidence.

17                                    **CONCLUSION**

18        Having reviewed the record and the ALJ's findings, this Court concludes

19   that the ALJ's decision is supported by substantial evidence and free of harmful

20   legal error.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 24

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**

2.  Defendant's Motion for Summary Judgment (ECF No. 17) is

    **GRANTED**.

The District Court Executive is directed to file this Order, enter Judgment

for Defendant, provide copies to counsel, and **CLOSE** this file.

DATED May 2, 2022.



THOMAS O. RICE
United States District Judge